WILLIAM LOESCHIGK, APPELLANT, *v.* RICHARD BALD-
WIN AND OTHERS, RESPONDENTS.

*Question of fact—Evidence to sustain.*

When there is any evidence to sustain the finding of the Judge, the Court
of Appeals cannot inquire into the correctness of such findings. Such in-
quiry belongs exclusively to the General Term.

*W. Watson* for Appellant.
*S. H. Thayer* for Respondent.

GROVER, J.—There was evidence given upon the trial tending
to establish all the facts found by the Judge. These facts must
therefore be assumed by this Court to have been correctly found.
The General Term had the power, and it was their duty to inquire
whether the findings accorded with the weight of evidence, and,
if not, to reverse them; but this Court has no such power. The
inquiry as to the correctness of the findings of fact cannot be enter-
tained by this Court, where there is any evidence to sustain them.

The Court has found that the sale of the goods and debts
to Miles, made on the 6th of November, was in good faith for an
adequate consideration, without any intent to defraud, and with-
out any intent, at that time, by any of the parties, that Baldwin
& Co. should make an assignment in trust for creditors. Viewing
the purchase by Miles in the light of these facts, there is no
question as to its validity. The firm had the right to transfer to
Miles the goods and debts, upon the terms agreed upon by them,
if free from all intent to defraud any one. This having been so
found, the transfer was not only valid between the parties, but
also valid as to all others. This would not have been questioned
by the Plaintiff but for the subsequent contract of the parties, by
which Miles gave his notes on time for $8,000, in contemplation
of an assignment by Baldwin & Co.

The Plaintiff's counsel insists that both contracts are to be
regarded as one connected transaction, and their validity deter-

mined in that view. If the counsel is right in this, it would follow that the entire acts of the parties must be held fraudulent and void. The case would then be that Baldwin & Co., intending to make an assignment in trust for their creditors, Miles having knowledge of such intent, purchased from them their goods, &c., upon credit, gave his notes therefor on time, with intent that the firm should assign the notes instead of the property purchased by him, which was consummated by the assignment of the notes by the firm. This would have delayed the creditors of the firm for the term of credit given to Miles, and for this reason would have been fraudulent and void as to creditors so delayed.

But the Court did not so find the facts. The finding shows that the property was sold to and purchased by Miles, without any intention on the part of the firm, at that time, to make an assignment. This being so, we must inquire whether there was anything fraudulent in the new contract made a week afterward, which, it is found, was made with a view to an assignment by the firm. At this time Miles had the legal title to the property, was bound to sell the same, and retain from the proceeds the amount of his demands against and liabilities for the firm, and pay to them whatever surplus there might be, upon the same credit afterward provided for in the notes given by him. By the new contract a definite price was fixed upon the goods, which is found to have been the fair value, and Miles gave his notes therefor, upon the same credit provided for as to the surplus by the first contract, and his demands, etc., against the firm, were provided for in the assignment. This could not hinder or delay any creditor in any way whatever. The creditors were left in the same situation that they would have been had the second contract between Miles and the firm not been made, and the firm had assigned, instead of the notes, their claim against Miles for the surplus produced by the property transferred to him. If the price was the fair equivalent of this claim to the surplus, the creditors would not be at all affected by the second contract between the firm and Miles, but would receive, under the assignment made, the same amount, and at the same time, that they would had such contract not been made

and the firm had made an assignment of their claim to the surplus under the first contract. This being so, the second contract was not fraudulent and void, as to the creditors of the firm, and the judgment affirming the judgment dismissing the plaintiff's complaint must be affirmed.

BACON, J.—All the facts necessary to sustain the judgment for the Defendants are clearly found by the Court upon sufficient evidence, and there seems to be nothing on which a question of law can seriously arise. The two transactions which the plaintiff attempted to impeach were, the sale by defendants to Miles, on the 6th of November, 1861, and the assignment made by them on the 14th of the same month to Charles S. Baldwin. In regard to the first, it is found that it was made in good faith upon a full and fair consideration, and that there was an actual delivery and change of possession of the property sold; and in regard to the assignment, it is found that it was a general assignment for the benefit of creditors, and without any interest on the part of the Defendants to hinder, delay, or defraud creditors.

It is further found that the Defendants were at no time under any injunction, and that Miles proceeded to sell the goods conveyed to him, and the Defendant Baldwin to execute the assignment, and thus the whole subject-matter of the litigation has been disposed of; and if the Plaintiff could succeed in affixing the stamp of illegality upon either of these transactions, the result to them would be utterly barren.

The Plaintiffs seek to connect the two transactions, and so to blend them that they may fall under the condemnation of a sale ·upon credit by the assignee. But neither the facts proved nor the findings of the Court will sustain any such conclusion; for it is abundantly shown that, at the time of the sale, on the 6th of November, there was no thought of an assignment by any of the parties, no such thing had been spoken of, nor was it within the contemplation of any of them; but the assignment was, as expressed by the witness Baldwin, an afterthought, and the two transactions entirely independent of each other.

Such being the state of this case, there being nothing to impeach either transaction as fraudulent, the property having been sold and the proceeds distributed without impeachment or intervention from any quarter, there remained absolutely nothing in the case of the Plaintiffs which entitled them to call for the aid of the Court; and the proper judgment was rendered dismissing the complaint with costs, and the judgment of the General Term should accordingly be affirmed.

Judgment affirmed.